# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Ex rel.* NICOLE OLCOTT, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-CV-605-TCK-FHM ) |
| SOUTHWEST HOME HEALTH CARE, INC., KINNSER SOFTWARE, INC., and DR. ROGER LEE KINNEY, | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Before the Court is Defendant Kinnser Software, Inc.'s Motion for Entry of Final Judgment. Doc. 91. Relator Nicole Olcott ("Relator") opposes the motion. Doc. 92.

**I. Procedural Background**

This action was originally filed under seal on October 29, 2012 by *qui tam* Relator Olcott as an action to recover damages for alleged violations of the Federal Civil False Claims Act, 31 U.S.C. § 3729. Doc. 2. On June 13, 2013, Relator filed her First Amended Complaint under seal "to clarify details of the allegations of the Complaint, to include specificity, and to amend allegations with regard to the failure by defendants to meet the Conditions of Participation and the Conditions of Payment required in order to seek reimbursement from the United States under the Medicare Home Health Program." Doc. 10.

On December 11, 2017, the United States elected to intervene as to a claim Relator alleged against defendant Southwest Home Health Care, Inc. ("Southwest"), that Southwest "submitted

false claims to the United States by submitting bills for services rendered to patients that were not homebound." Doc. 37 at 1. The United States declined to intervene as to all other allegations, including those against Kinnser Software, Inc. ("Kinnser"). *Id.*

On March 27, 2018, Kinnser filed a Motion to Dismiss pursuant to Rules 12(b)(6)and 9(b) of the Federal Rules of Civil Procedure. Doc. 68. Specifically, Kinnser argued (1) the Amended Complaint failed to allege facts supporting her allegations that Kinnser knew, encouraged, and conspired with the other defendants for Southwest to submit false or misleading claims to Medicare, and (2) the Relator failed to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b). *Id.* Relator opposed the motion, and in the alternative, requested that, in the event the Court granted the Motion, she be given leave to file a Second Amended Complaint. Doc. 78 at 28.

On September 24, 2018, the Court granted Kinnser's Motion to Dismiss and denied the Relator's request for leave to file a Second Amended Complaint. Doc. 87 at 14-15. In so ruling, the Court concluded that the Amended Complaint contained no facts supporting her allegations that Kinnser ever submitted or falsified a claim for payment or reimbursement to the government or that Kinnser impliedly or expressly agreed with any defendant to defraud or scheme to defraud the government. *Id.* at 7-15. The Court also denied the Relator's request to amend her complaint again. *Id.* at 14.

In the pending motion, Kinnser seeks entry of final judgment under Fed. R. Civ. P. 54(b). Relator contends entry of judgment should be delayed until all remaining claims and issues are resolved, because she would be unduly burdened, "as she would be forced to simultaneously litigate her claims against the remaining defendants, while at the same time prosecute an appeal of the judgment entered in favor of Kinnser." Doc. 92 at 7.

## II. Applicable Law

"[W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quotations omitted). In order to enter a Rule 54(b) certification, the court must make two express determinations. First, the court must determine that its judgment is final. *Stockman's Water Co.,LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (citation omitted). Second, the court must determine that no just reason for delay of entry of its judgment exists. *Id.*

The Court may also consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Id.*, quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

## III. Analysis

In granting Kinnser's Motion to Dismiss, the Court denied Relator's request for leave to file a second amended complaint, concluding that request was untimely and Relator had failed to describe what additional factual allegations would be included in a second amended complaint or how any additional allegations would cure the deficiencies in her claims against Kinnser. Doc. 87 at 14. Accordingly, the Court's judgment with respect to Relator's claims against Kinnser is final. *Stockman's Water co., LLC, supra.*

3

With respect to the second issue—whether there is just reason to delay entry of judgment—Relator argues that she should not be forced to simultaneously litigate her claims against the remaining defendants, while at the same time prosecuting an appeal of the judgment entered in favor of Kinnser. Relator has cited no authority supporting a conclusion that the inconvenience of prosecuting an appeal while her case against the remaining defendants justifies denial of Kinnser's motion.

Moreover, the basis for the Court's dismissal of Relator's claim against Kinnser is entirely unrelated to the claims against the remaining parties. As a result, it is unlikely an appellate court would have to decide the same issue again if there are subsequent appeals by other defendants. *Curtiss-Wright Corp.*, 446 U.S. at 8; *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2205) (same).

Accordingly, the Court concludes Kinnser's motion for entry of judgment should be granted.

## IV. Conclusion

For the foregoing reasons, the Motion for Entry of Final Judgment (Doc. 91) is hereby granted.

**ENTERED this 12th day of August, 2019.**

**TERENCE C. KERN**
**United States District Judge**

4